## PECORA et al. v. MODERN SANITARY DAIRIES OF PENNSYLVANIA, Inc.

### No. 7099.

Circuit Court of Appeals, Third Circuit.

Dec. 4, 1939.

C. Brewster Rhoads, John F. Headly, and G. A. Wilderman, all of Philadelphia, Pa. (Montgomery & McCracken, of Philadelphia, Pa., of counsel), for appellants.

Frank S. Busser and Hayward H. Coburn, both of Philadelphia, Pa. (Busser & Harding, of Philadelphia, Pa., of counsel), for appellee.

Before BIDDLE, JONES, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This design patent case concerns a glass milk bottle. Such bottle is made in accord with the design shown in patent No. 98,609 for a milk bottle and here reproduced.

**M. A. PECORA**

Feb. 18, 1936.      Des. 98,609

MILK BOTTLE
Filed Dec. 2, 1935

These "baby bottles" proved popular and the finding of the trial court is that "the plaintiffs' bottle has been placed upon the market and approximately a million bottles had been sold at the time suit was brought."

Thereafter defendant was granted design patent No. 108,074 for a "bottle" as here reproduced.

**R. C. GENNARO ET AL.**

Jan. 25, 1938.      Des. 108,074

BOTTLE
Filed Oct. 16, 1937

 

Fig. 1.          Fig. 2.

Both parties market milk in the City of Hazleton, Pennsylvania, but notwithstanding this proximity of operation, no purchaser was called to show that he or she had mistaken defendant's bottle for plaintiffs'. As to alleged similarity of the two bottles and the probability of confusion, the court held—and we agree therewith—as follows:

"An inspection of the bottles themselves clearly indicates that the similarity is so slight as to render unnecessary any testimony on this point. The face on the Plaintiffs' bottle is that of a very young child with full cheeks, which creates a circular outline, while the Defendant's bottle contains a face of a mature person, quite unattractive, whose cheeks are thin and whose face presents an oval appearance. Combining this decided difference with the constantly exercised faculty of ordinary observers to distinguish between faces, it is evident that there is no danger of the Defendant's bottle being passed off as the Plaintiffs'. There are, in addition, a number of differences in detail between the two designs. The Defendant's bottle slopes downward sharply from the neck, while the Plaintiffs' slopes outward from the neck to form the baby's shoulders. There is a collar on the Defendant's bottle just below the neck, which is part of the 'cop's uni-

form', and there is none on the Plaintiffs' bottle; there is a ridge just above the eyes of the face on the Defendant's bottle, which represents the visor of the cap, while there is none on the Plaintiffs' bottle; there are grooves on the top of the Defendant's bottle, which do not appear on Plaintiffs' bottle. It is unnecessary to enumerate further the differences between the two bottles, as it is clear that there is no infringement."

The decree below sufficiently protects the defendant by holding it did not infringe. The court did not feel called on to decide the question of validity and this court follows that course. So regarding, the decree below dismissing the bill for non infringement is affirmed.